CHARLES L. HOOVER v. THE ROYAL NEIGHBORS OF AMERICA.

No. 12,648. ( 70 Pac. 595.)

SYLLABUS BY THE COURT.

LIFE INSURANCE—*Reference in the Policy to the Application— Warranty of Assured.* When, in a contract of insurance, the application of the insured is made the basis for, and a part of, the contract between the parties, and in the contract so made it is stipulated and warranted that the answers of the insured to questions propounded in the application are literally true, and it

is also stipulated that if any such answer be found to be not literally true the contract shall become absolutely null and void, the validity of the contract depends on the truthfulness of the answers, and not on the materiality of the answers to the risk assumed.  The contract of the parties having made the answers of the insured material, the same is avoided if such answers be found untrue.

Error from Brown district court; WM. I. STUART, judge.  Opinion filed November 8, 1902.  Affirmed.

*W. F. Means*, and *Jas. Falloon*, for plaintiff in error.

*J. G. Johnson, J. F. Hess*, and *Buckles & Pearl*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. :  This was an action on the benefit certificate executed by defendant, a fraternal benefit society, to Alma Hoover, wife of plaintiff.  Application for the issuance of the certificate was made November 24, 1898.  The certificate was not delivered to the applicant in her lifetime, but was delivered to plaintiff December 21, 1898, the day succeeding the death of Alma Hoover.  The certificate on which the action is brought, among other things, provides as follows :

"1st.  That the application and medical examination, which is made a part hereof, of said Alma Hoover for membership in the beneficiary department of this order, and which is on file in the office of the beneficiary recorder, and is hereby referred to and made a part of this contract for benefit, is true in all respects, and that the literal truth of such application and each and every part thereof shall be held to be a strict warranty and to form the only basis of the liability of this order to such member and to the beneficiary or beneficiaries, the same as if fully set forth in this benefit certificate.

"2d.  That should said application, and each and

every part thereof, not be literally true, then this bene-
fit certificate shall, as to the member, the beneficiary
or beneficiaries, be absolutely null and void.

"3d. This certificate is issued in consideration of
the warranties. and agreement made by the person
named in this certificate in the application above re-
ferred to, and agreements to pay all assessments and
dues that may be levied during the time this certifi-
cate shall remain in force."

The written application also provides :

"5. This application and the laws of this order
shall form the sole basis of my admission to member-
ship therein, and of the benefit certificate to be issued
me by said Royal Neighbors of America; that any
untrue or fraudulent statement or answer made to the
camp physician, or any concealment of facts, inten-
tentional or otherwise, in this application, . . .
shall forfeit the rights of myself and that of my bene-
ficiaries to any and all benefits and privleges therein
arising therefrom.

"6. I fully understand the objects, organization,
mode of government and the laws of this order, and
particulary that part of the laws defining the qualifi-
cations for and the restrictions upon its membership,
and that providing for the forfeiture of indemnity for
untrue statements or answers in an application for
membership.

"Applicant will please note this clause.

"I have verified each of the foregoing answers and
statements, from 1 to 24, both inclusive, adopt them
as my own, whether written by me or not, and declare
and warrant that they are full, complete, and literally
true, and I agree that the exact literal truth of each
shall be a condition precedent to any binding contract
issued upon the faith of the foregoing answers, and I
hereby constitute and make the officers of the local
camp and of the Royal Neighbors of America who
have aided in making this application my agents for
such purpose. I further agree that the foregoing an-
swers and statements, together with the preceding
declaration, shall form the basis of the contract be-

tween me and the Royal Neighbors of America, and
are offered by me as a consideration for the contract
applied for, and hereby made a part of any benefit
certificate that may be issued on this application, or
substitute therefor issued at my request, and shall
be deemed and taken as a part of any such certificate;
that this application may be referred to in any said
benefit certificate as the basis thereof, and that they
shall be construed together as one entire contract;
and I further agree that if any answer or statement·
in this application is not literally true, or if I shall
fail to comply with and conform to any and all of the
laws of said Royal Neighbors of America, whether
now in force or hereafter adopted, that my benefit
certificate shall be void.   And I waive for myself and
beneficiaries all claim of benefit under this application
until it shall be approved by a supreme physician and
I shall be regularly adopted, and shall make the pay-
ment as required at adoption;   and any certificate
which shall be issued to me in pursuance of this ap-
plication shall be delivered to me while in sound
health, and in pursuance of the by-laws of the order.
And I hereby expressly waive, for myself or benefi-
ciaries, the privilege or benefits of any and all laws
which are now or may be hereafter in force, making
incompetent the testimony of or disqualifying any
physician from testifying concerning any information
obtained by him in a professional capacity;   and I
further waive the provisions of any law providing for
or relating to attaching a copy of this application or
making it a part of any benefit certificate which may
be issued hereon.''

In answer to question 13 contained in the written
application, which reads, ''Have you within the last
seven years consulted any physician in regard to per-
sonal ailment?'' the applicant answered ''No.''   In
answer to question 14, which reads, ''Have you ever had
any serious illness, local disease, or personal injury?''
she answered ''No.''   In answer to question 17, she
answered that she had never had disease of the heart,

kidneys, or liver. After the death of applicant the money paid by the assured was tendered back, and at the trial was paid to the clerk of the court, for the benefit of plaintiff. Upon the trial, the answers so made were shown by undisputed evidence to be untrue. The jury, under a peremptory instruction from the court, returned a verdict for defendant. Plaintiff brings error.

The contention made by counsel for plaintiff in error is not that the answers of the insured in the application were true in fact, but that the application did not form a part of the contract between the parties, and that the answers, if untrue, were on immaterial matters not affecting the risk assumed by the society. To neither of these contentions do we agree. From the language above quoted from the benefit certificate, it will be seen that the certificate clearly and expressly made the application and medical examination a part of, and the basis for, the contract entered into between the parties. In the contract so framed it was expressly stipulated and warranted that the answers made by applicant were literally true. Failing in this, the certificate became void.

Under such contract it makes but little difference whether the answers made by the applicant to the questions propounded are in themselves material or immaterial. The parties contracted that the answers should be material and should be literally true. Having so contracted and warranted the literal truth of the answers, if they were not true, no recovery can be had. (*Washington Life Ins. Co. v. Haney*, 10 Kan. 525; May, Ins. [4th ed.] §§ 156, 186; *Cuthbertson v. The Insurance Co.*, 96 N. C. 480, 2 S. E. 258; 3 A. & E. Encycl. of L. [2d ed.] 1080; Bac. Ben. Soc. [2d

ed.] § 194; *Ala. Gold Life Insurance Co. v. Garner*, 77 Ala. 215.)

Again, we think that the inquiries made by the company in the questions propounded, and the answers thereto, independent of the stipulations and warranties made in the application and certificate, were material to the risk assumed by the society. Being in themselves material, and being untrue, no recovery can be had on the certificate.

It follows that the judgment must be affirmed.

All the Justices concurring.