**Katherine Jefferson, Plaintiff in Error, v. The Supreme Tent of the Knights of the Maccabees of the World, Defendant in Error.**

### Gen. No. 14,787.

1. INSURANCE—*when false answers in application constitute defense.* Where the benefits to be derived are conditioned upon truthful answers made in the application, proof of the falsity of such answers constitutes a full defense.

2. INSURANCE—*what competent upon question of untruthfulness of answers as to condition of sanity.* Held, competent to show the judgment of a court finding the 'applicant insane, contrary to his answers in his application; likewise, *held,* competent to establish such insanity by the opinions of physicians who saw such applicant during his confinement as an insane patient.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed December 23, 1909.

GEORGE M. BOYD, for plaintiff in error.

MANN & MILLER and GALE BLOCKI, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on a benefit certificate issued by defendant, payable to plaintiff on the death of her husband, Jay Jefferson, there was a judgment for the defendant, to reverse which plaintiff prosecutes this writ of error. January 31, 1900, Jay Jefferson made application for membership in the defendant order. He was admitted to membership and a benefit certificate is-

sued to his mother, which was surrendered after his marriage to plaintiff and the certificate sued on issued in its stead. The assured died April 16, 1907. This certificate, dated September 12, 1901, recites that Jay Jefferson had been admitted to membership in a certain tent of the defendant order, and states that under the provisions of the laws of the Supreme Tent of the order at his death an assessment on the membership, not exceeding in amount $1,000, will be paid to plaintiff, his wife, on proof of death and surrender of the certificate, "provided he shall have in every way complied with the laws of said Supreme Tent, now in force or that may hereafter be adopted, and he has not untruthfully answered any questions in his application for membership, or made untruthful statements therein, as shown by said application, which is hereby made a part of this certificate." In his application the assured was asked and answered certain questions and warranted and agreed that said answers were true in every particular. Then follows as a part of said application the following agreement:

"I hereby agree that the above are true answers to the foregoing, and that these statements, together with those made to the examining physician in this application and the laws of the Supreme Tent of the Knights of the Maccabees of the World, now in force or that may hereafter be adopted, together with my certificate of membership, shall form the basis of this contract for beneficial membership; that any untrue answers, any suppression of facts * * * shall vitiate my benefit certificate and forfeit all payments made thereon. * * * This application and the laws of the Supreme Tent now in force or that may hereafter be adopted, together with my certificate of membership are made the contract between myself and the said Supreme Tent, and I for myself and my beneficiary agree to conform to and be governed thereby."

The contract between the defendant and the assured made an assessment on the membership payable to the plaintiff on the express condition that the assured "has not untruthfully answered any questions in the

application for membership, or made untruthful statements therein," and provides that any untrue answer shall vitiate the benefit certificate. If the assured untruthfully answered a question in his application for membership, such untruthful answer, by the terms of the contract between defendant and the assured, constituted a good defense to this action on the benefit certificate. It will be necessary, therefore, for us only to consider the question whether the trial court erred in admitting evidence offered by defendant to prove that the answer of the assured to the question whether he had ever had insanity was untruthful, and the question whether from the evidence the court might properly find that such answer was untruthful.

Defendant offered in evidence a certified transcript of a proceeding in the County Court of Cook county on March 4, 1892, showing that on that day Jay Jefferson came, in the custody of the sheriff, and also came C. O. Williamson, county agent, at whose instance he was arrested; that a jury was impaneled and sworn, evidence heard, and a verdict rendered finding that said Jay Jefferson was insane, on which verdict there was a judgment that he was insane, and an order that he be committed to the Northern Hospital for the Insane at Elgin, and also a similar transcript of a proceeding in said court April 6, 1896, which contains a similar verdict, judgment and order. We think the court did not err in admitting such transcripts in evidence.

Under the first judgment the assured was committed to said hospital and there remained until December 25, 1892, when he was discharged. He returned to the hospital August 31, 1894, voluntarily, was admitted as a patient, and there remained until June 1, 1895. He was again admitted as a patient April 7, 1896, under the judgment of April 6, 1896, and there remained until November 13, 1897.

Defendant offered in evidence the depositions of three persons—not physicians—connected with said hospital, each of whom testified to the conduct and conversations of Jefferson while in said hospital, and

expressed the opinion, based on such conduct and conversations, that he was insane. The court did not err in admitting the testimony of said witnesses. Keithley v. Stafford, 126 Ill. 507.

It clearly appears from the evidence that the assured had been insane before he applied for membership in the defendant order, and that his answer in the application to the question whether he had ever had insanity was untruthful. Under the express provisions of the certificate sued on, such untruthful answer constituted a good defense to the suit. The statement in the application that the assured had never had insanity was a material representation and, being false, avoided the certificate. Metropolitan Life Ins. Co. v. Moravec, 214 Ill. 186.

It follows from what has been said that, in our opinion, the judgment is right, and it is affirmed.

*Affirmed.*