FOURTH DISTRICT—NOVEMBER, 1918.    213

Carter v. Employees' Ben. Ass'n of Am. Steel Foun., 212 Ill. App. 213.

Nina Carter, Administratrix, and Nina Carter, Appel-
lees, v. Employees' Benefit Association of American
Steel Foundries, Appellant.

INSURANCE—*when false statements in application as to habits and
as to beneficiary invalidate benefit certificate.* Where the applica-
tion signed by an applicant for membership in a benefit association
provides that the membership and the rights and benefits arising
therefrom shall be forfeited by any untrue or fraudulent statements
by him to the medical examiner, or by any concealment of facts in
the application, or by any attempt on his part to defraud or impose
upon the association, and the by-laws provide that membership of
any member guilty of disreputable or unlawful conduct shall be can-
celed, and the applicant certifies that he is correct and temperate
in his habits and has answered the questions put to him truly,
fully and correctly, and it appears, in an action to recover death
benefits under such certificate, that the applicant named as the
beneficiary a certain woman, stating her to be his wife, and con-
cealed the fact that she was not his wife and that another woman
was his wife and also that he had a child by her, there can be
no recovery under the certificate.

Appeal from the City Court of Granite City; the Hon. M. R. SULLI-
VAN, Judge, presiding. Heard in this court at the March term, 1918.
Reversed with finding of facts. Opinion filed November 1, 1918.

WILLIAM E. WHEELER, for appellant; PAM & HURD,
of counsel.

E. L. MAHER, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the
court.

Appellees brought suit in the City Court of Granite
City to recover certain death benefits alleged to be due
from appellant by reason of a certificate of member-
ship issued by it to Tom Carter, deceased. The trial
was before the court without a jury upon a stipulation

of facts, and no propositions of law were presented. Judgment was rendered in favor of appellees for $720, and an appeal taken to this court.

Appellant was a voluntary, unincorporated organization jointly formed by the American Steel Foundries and its employees. On November 9, 1916, Tobias Carter, an employee of the American Steel Foundries, also known as Tom Carter, made application for membership to appellant, signing it as T. Carter, which was approved November 16, 1916, and a certificate of membership issued to Tom Carter. Carter continued an employee of the American Steel Foundries until March 28, 1917, at which time he died of lobar pneumonia after a short illness. From November 9, 1916, continuously until about the middle of February, 1917, Carter was living with one Ada Taylor, *alias* Ada Carter, holding her out as his wife, but about February 15, 1917, he left her and moved to a boarding house in North Venice, Illinois. Carter and Ada Taylor were never married, and during all the time they lived together he had a wife, Nina Carter, appellee, and a daughter, Vivian Carter, aged about 11 years, whom he left as his widow and heir at law. In his application for membership Carter directed that the death benefits should be payable to "Ada Carter, wife, now residing at same address, if living at the time of my death, or if not living, then to my wife, if I am married at the time of my death; or if I have no wife living, then to my children, collectively." Appellant had no information concerning the relationship existing between Carter and Ada Taylor, *alias* Ada Carter, except that contained in the application for membership and his statement to the medical examiner, and did not know of the existence of Nina Carter and Vivian Carter until after the death of Carter. Appellant first learned that Ada Taylor, *alias* Ada Carter, was not the wife of Carter and that Nina Carter was his wife about May 18, 1917, at which time it tendered

Nina Carter, administratrix, the sum of $3.60, the total premiums paid by Carter, which appellee declined to accept and which tender has been kept good. Nina Carter is the administratrix of the estate of T. Carter, deceased, had been his wife for 14 years and is now his widow.

Carter's application for membership, statement made to medical examiner, medical examiner's certificate, certificate of membership and certain sections of the rules and regulations of appellant were before the court. There is no contention as to the pleadings or the amount of the judgment, but it is insisted that the judgment should be reversed because it is contrary to the law and the evidence. In Carter's application for membership he stated, ''I also agree for myself, and those claiming through me to be governed by the regulations providing for final and conclusive settlement of all claims for benefits, or controversies of whatever nature, by reference to the manager of the Benefit Association, and an appeal from his decision to the Board of Trustees. I also agree that any untrue or fraudulent statement made by me to the medical examiner, or any concealment of facts in this application, or any attempt on my part to defraud or impose upon said Benefit Association * * * shall forfeit my membership in the said Benefit Association, and all rights, benefits and equities arising therefrom. * * * I certify that I am correct and temperate in my habits; that, so far as I know, I am now in good health.'' To the medical examiner he stated that his wife's name was Ada and the same of his son Isel, and he left blank the space for the name of his daughter. He certified that he answered in full and correctly and that his answers were true, and agreed that any untrue or fraudulent statement made by him to the medical examiner, or any concealment of facts in his application, or any attempt on his part to defraud or impose upon said Benefit Association, or his resigning from

216     APPELLATE COURTS OF ILLINOIS.

Carter v. Employees' Ben. Ass'n of Am. Steel Foun., 212 Ill. App. 213.

or leaving the service of the American Steel Foundries, or his being relieved or discharged therefrom, should forfeit his membership in the said Benefit Association, and all rights, benefits and equities arising therefrom. The rules and regulations of appellant provided that the membership of any member guilty of disreputable or unlawful conduct should be automatically canceled and rendered of no force and effect. What constitutes the contract in this class of cases is too well settled to require recital. In his contract Carter made untrue and fraudulent statements that Ada Carter was his wife, that he had a son, Isel, and no daughter. In it he concealed from appellant the fact that Nina Carter was his wife and that he had a daughter Vivian. He attempted to defraud and impose upon appellant by placing some one other than his wife in a position to receive the benefits under his certificate. He violated his contract in being guilty of disreputable and unlawful conduct by holding out and living with Ada Carter as his wife, when she was not his wife, and in that way further violated that part of his contract requiring him to be correct and temperate in his habits. By the terms of Carter's contract he forfeited his membership and his rights, benefits and equities arising therefrom.

According to its rules and regulations, one of the objects of appellant was to pay to the family of a member a certain sum upon his death. Ada Taylor was not a member of Carter's family. Under the rules and regulations of appellant, a part of the contract, she did not have an insurable interest in his life. Carter made untrue and false statements as to the relationship and was attempting to defraud and impose upon appellant when he attempted to make her his beneficiary. Appellant had a right to be correctly informed as to who constituted Carter's family, who the beneficiary was and what her relationship was to the member, and such information was material to enable

appellant to determine whether it would issue the certificate. It is fair to assume if Carter had disclosed that Ada Taylor, whom he attempted to make his beneficiary and with whom he was living, was not in fact his wife, though so designated by him, and that he had a wife and daughter, that appellant would have declined to issue the certificate of membership. The statement by Carter that Ada Taylor was his wife was material and, being false and fraudulent, invalidated the certificate of membership, and there was no contract. *Jefferson v. Supreme Tent of Knights of Maccabees of the World,* 152 Ill. App. 242; *Falberg v. Continental Casualty Co.,* 195 Ill. App. 237. Under the record Carter was living in an open state of adultery with Ada Taylor, which under the law made him guilty of a crime. He was therefore guilty of disreputable and unlawful conduct, and when he falsely certified that he was correct and temperate in his habits he made a false statement and thereby, by the terms of his contract, his membership was automatically canceled. The basis of this claim ceased to exist when Carter's membership was forfeited, and appellee is in no better position than Carter would be if living and attempting to enforce the contract in the collection of sick or accidental benefits. Whether the untrue and false statements of Carter, herein pointed out, are considered as warranties or as representations, they are so material that falsity therein invalidated the contract. *Supreme Lodge of Order of Columbian Knights v. McLaughlin,* 108 Ill. App. 85; *Jefferson v. Supreme Tent of Knights of Maccabees of the World* and *Falberg v. Continental Casualty Co., supra.*

Under the agreed facts in this case, as shown by the stipulation of the parties upon which the trial was had, appellees were not entitled to recover the death benefits for which the suit was brought, and therefore the judgment must be reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment. We find that the deceased, Tobias Carter, also known as Tom Carter, was guilty of disreputable and unlawful conduct, which, under the rules and regulations of appellant, automatically canceled and rendered of no force and effect the certificate of membership issued by appellant to said Carter. Also that he was guilty of making untrue and false statements in his application for membership, which by the terms of the contract invalidated the same.