SARAH E. STRIBLING ET AL., APPELLEES, V. FRATERNAL AID UNION, APPELLANT.

FILED JANUARY 5, 1922. No. 21573.

Insurance: BENEFICIARIES. Where the statutes of the state under which a mutual benefit association is organized, as well as its own by-laws, specify the classes of persons in whose favor a beneficiary certificate may be issued, and a member of such association, by false and fraudulent representations that the beneficiary named by him comes within one of the classes specified, procures a certificate to issue in favor of such person, such issuance is *ultra vires*, and no recovery may be had upon the certificate either by the beneficiary named or by the heirs at law.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE. *Reversed.*

*Fawcett & Mockett* and *George R. Allen,* for appellant.

*T. S. Allen, contra.*

Heard before MORRISSEY, C. J., ALDRICH, DAY, DEAN, FLANSBURG, LETTON and ROSE, JJ.

MORRISSEY, C. J.

Plaintiff brought suit upon a benefit certificate issued upon the life of one Orlando T. Stribling; a jury was waived, the cause tried to the court, and judgment entered in favor of plaintiff for the amount prayed.

The Life & Annuity Association, a fraternal benefit association, organized and doing business under the laws

(363)

of Kansas for the mutual protection of its members, issued to Orlando T. Stribling a certificate of membership wherein A. H. Buckstaff was designated the beneficiary, and in conformity with the application of the member Buckstaff was designated as a "dependent." Subsequently the Life & Annuity Association was taken over and consolidated with defendant, Fraternal Aid Union. The benefit certificate was written and delivered in the state of Kansas and the member never was a citizen of Nebraska. The contract is to be construed according to the laws of Kansas. It is alleged in the petition and admitted by defendant that under the laws of the state of Kansas and Nebraska and the by-laws of the Life & Annuity Association, and of defendant, benefits can be made payable only to wife, children, parents, brothers, sisters, uncles, aunts, nephews, nieces, or dependents; that A. H. Buckstaff, designated in the certificate forming the basis of this action, was not a dependent within the meaning of the law, but was outside and excluded as a beneficiary. Plaintiffs also allege that as the heirs at law of said Stribling, deceased, they are entitled to the benefits of the certificate. It is conceded by all parties that Buckstaff was not "a dependent," but was a creditor of Stribling, and that the benefit certificate was made payable to Buckstaff in settlement of a debt or obligation due from Stribling to Buckstaff, and that Buckstaff did not fall within the class of persons for whose benefit the Life & Annuity Association was authorized to issue benefit certificates. The application for membership signed by Stribling and forming a part of the contract in suit reads as follows:

"Subject to the charter, constitution and by-laws now enacted, or hereafter may be enacted, I hereby make application for beneficial membership in Local Council No. ........ of The Life & Annuity Association located at Delphas, state of Kansas, and if I am accepted I hereby direct that my benefit certificate for $1,000—single—be made payable to A. F. Buckstaff, bearing relation to me

of dependent. (Benefits can only be made payable to wife, children, parents, brothers, sisters, uncles, aunts, nephews, nieces, or dependents.)"

"Also, I agree that all the foregoing statements and answers, as well as those I make, or shall make, to the medical examiner in continuance of this application are by me warranted to be true, and are offered to the Life & Annuity Association as a consideration of the contract which shall be subject to all the limitations and requirements of the constitution and by-laws of said association, with amendments made or may be hereafter made thereto."

Defendant, which stands in the shoes of the original insurer, by answer, alleges that the statement in the application for membership which designated Buckstaff as a dependent was false and fraudulent, and was known to both Stribling and Buckstaff to be such; that the statements made in the application were express warranties, that the application and the warranties therein contained formed the basis for the issuance of the benefit certificate, and that the false and fraudulent statements in the application for membership were made for the purpose of procuring the issuance of the benefit certificate in violation of the statute of the state of Kansas, which, together with the application, the by-laws, and the benefit certificate, form the contract between the parties; that the insurer was without knowledge of the false and fraudulent statements in the application when the benefit certificate was issued, and that defendant did not learn thereof until after the death of Stribling. It further alleges that, when defendant learned the true situation, it tendered to plaintiffs the amount of the assessments paid on the benefit certificate, and offered to confess judgment therefor, together with costs then accrued.

We are not troubled by disputed questions of fact, but we must determine as a question of law whether recovery may be had upon a bneficial certificate issued by an association with limited powers, such as those possessed by

the Life & Annuity Association, upon an application which falsely describes the beneficiary as one falling within the class for whose benefit a certificate may be issued, or is such certificate *ultra vires*.

Buckstaff appears to have abandoned all claim to a recovery upon the certificate, and appellees say the benefit certificate fails as to Buckstaff, the beneficiary designated, because outside the class for whose benefit the association is authorized to issue the certificate, but is valid as to the persons designated by the statute as beneficiaries. They further insist that under the rule in this state an insurance company must plead and prove that the answers were made as written in the application; and that they were false in some particular material to the insurance risk, and that the insurance company relied and acted upon these answers. In support of this assertion they cite *Aetna Ins. Co. v. Simmons,* 49 Neb. 811, and *Goff v. Supreme Lodge,* 90 Neb. 578.

The first case mentioned was a suit on a fire insurance policy. The power of the company to write the policy was not questioned. The court merely held that the application and policy should be construed together, and that the statements in the application were representations, and not warranties. The question here presented was not there involved.

In the case of *Goff v. Supreme Lodge, supra,* the society was authorized, as was the society here, to issue certificates to members of the immediate family, and dependents of the member. The member made application for a benefit certificate payable to a woman whom he designated as "a dependent and niece." Upon the death of the member payment was refused. The answer alleged, among other things, that the beneficiary was not the niece of the member, nor in any manner dependent upon him. The court, while apparently conceding that she was not a niece, found specifically that she was "a dependent," and as such was eligible as a beneficiary.

In addition to these cases from our own state, we are

cited to cases from other jurisdictions holding that, where the beneficiary named in the certificate is unable to take, recovery may be had by those designated in the statute as beneficiaries. But generally in the cases relied upon, in so far as the published reports disclose, the application truthfully disclosed the relationship of the beneficiary (*Kentucky Grangers' Mutual Benefit Society v. McGregor,* 7 Ky. Law Rep. 750; *Caudell v. Woodward,* 15 Ky. Law Rep. 63; *Gibbs v. Anderson,* 16 Ky. Law Rep. 397), or the decision turned upon a question of procedure. This is true in *Mullen v. Woodmen of the World,* 144 Ia. 228, cited by appellees. The decision did not turn upon the power of the society to write the contract. The statute required the association to attach a copy of the application to the certificate, and provided that a society neglecting to do so should "not plead nor prove the falsity of any such certificate or representation." The copy was not attached, and for that reason the court held that the association could neither plead nor prove the falsity of the representations. It merely enforced the statute.

*Britton v. Royal Arcanum,* 46 N. J. Eq. 102, on casual reading, appears to support the contention of appellee, but a close study of that opinion discloses that the application designated the beneficiary as a "cousin," which designation was false. The society was not authorized to pay benefits to a cousin, therefore the application was notice to the society that the beneficiary was not of the class for whose benefit it was authorized to issue the certificate, and the court, in the exercise of its equity powers, directed payment to be made to the next of kin. The court said: "Where there is a civil wrong there ought to be a remedy, and, if the law gives none, equity may take jurisdiction in order that what is right may be done."

The Life & Annuity Association was doing business under a statute of the state of Kansas at the time the certificate in suit was issued. It was empowered to write certificates on the lives of its members for the benefit of a restricted class of persons. Stribling was bound to know

the·law, and apparently he did know it. Had he stated in his application that Mr. Buckstaff was a creditor, the certificate would not have been issued. He saw fit, however, to misrepresent the relationship which Buckstaff bore.to him and described his creditor as a "dependent." There must have been a purpose for making the misrepresentation. It could be none other than to procure the issuance of the certificate in violation of the statute and the association's by-laws. This was a fraud materially affecting the rights of the association, which was bound to obey the law of the state, and to conduct its business in conformity with its by-laws. It was a fraud upon the members who had associated themselves together, not for the purpose of engaging in a general insurance business for profit, but for the purpose of mutually protecting the immediate members of the families, and the dependents of the members. Fraud inhered in the contract from its inception; and it was *ultra vires.* *Gray v. Sovereign Camp, W. O. W.,* 47 Tex. Civ. App. 609; *Koerts v. Grand Lodge, Hermann's Sons,* 119 Wis. 520; *Steele v. Fraternal Tribunes,* 215 Ill. 190; *Carter v. Employees Benefit Ass'n,* 212 Ill. App. 213; *Smith v. Baltimore & O. R. Co.,* 81 Md. 412; *Supreme Council, A. L. H. v. Green,* 71 Md. 263.

The court erred in failing to enter judgment in favor of plaintiff and against the defendant on the confession of defendant, and in favor of defendant on all other issues.·

REVERSED AND REMANDED.