No. 27,787.

MABEL E. LODGE, *Appellee*, v. THE ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA, and BERTHA MAE LODGE, Intervener, *Appellants*.

(262 Pac. 598.)

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Conclusiveness of Adjudication—Generally*. A fact or question judicially determined by a court of competent jurisdiction is conclusively settled and cannot again be litigated by such parties or their privies in the same court or any other court of concurrent jurisdiction upon either the same or a different cause of action.

2. SAME—*Conclusiveness of Adjudication—Issuable Facts*. Where an issuable fact in a replevin action was as to which of two women was the wife of the deceased owner of the property in controversy and where the fact was judicially determined and no appeal taken therefrom, that fact was finally adjudicated and determined and could not be again litigated in another action between the same parties.

3. HUSBAND AND WIFE—*Evidence of Relation*. Aside from the fact of adjudication above mentioned, it is held that the record contained sufficient evidence to show that the intervener was the wife of the deceased husband and that the plaintiff was not.

4. MUTUAL BENEFIT INSURANCE—*Breach of Warranty—False Statement that Beneficiary is Wife*. Where the applicant for fraternal insurance stated that the beneficiary was his wife and expressly warranted the truth of such statement, the named beneficiary in an action on the certificate is bound by such statement, and if it was false cannot recover.

5. SAME—*Breach of Warranty—False Statements in Application*. When in a contract of insurance the application of the insured is made part of the contract between the parties, and it is therein stipulated and warranted that the answers of the insured to questions propounded in the application are true, and that any misstatement or concealment of any fact shall cause a forfeiture of the insurance and of all rights to recover thereunder, if such answers be found to be untrue the contract becomes null and void.

6. SAME—*Breach of Warranty—Evidence of False Representations*. In an action to recover on a policy of fraternal insurance, the evidence considered, and held sufficient to show that the policy of insurance was procured by false representations.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed January 7, 1928. Reversed.

Insurance, 32 A. L. R. 1484; 14 R. C. L. 1079. Judgments, 34 C. J. pp. 869 n. 56, 873 n. 58, 882 n. 31. Marriage, 38 C. J. 1331 n. 97. Mutual Benefit Insurance, 29 Cyc. pp. 87 n. 91, 91 n. 16, 245 n. 49.

*M. V. B. Van De Mark,* of Concordia, and *E. W. Dillon,* of Columbus, Ohio, for the appellants.

*Park B. Pulsifer* and *C. L. Short,* both of Concordia, for the appellee.

*Tom Kennett,* of Concordia, for the intervener, Bertha Mae Lodge.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover on a policy of fraternal insurance. It was before this court on a previous occasion on the question of the right of the intervener to interplead. (*Lodge v. Order of Commercial Travelers,* 120 Kan. 439, 244 Pac. 4.) The plaintiff prevailed and the defendant and intervener appeal.

The facts are substantially these: Chester M. Lodge and the intervener were married in Chicago, August 16, 1911; resided there a few months and removed to New Orleans, where they resided together until May 1, 1916. Lodge then went to Arkansas, where he wrote to his wife until the holidays of that year. He was addicted to the use of intoxicating liquor, morphine, chloral and yinchia. While at New Orleans he set fire to himself on several occasions while in bed smoking and drinking, and also while in New Orleans he was sent several times to parish prisons for various offenses. On June 28, 1916, he was incarcerated in the Arkansas state penitentiary for grand larceny, where he remained until May 25, 1917. On June 16, 1917, he married the plaintiff at Excelsior Springs, Mo. They lived in Kansas City until 1918, when they removed to Concordia, Kan. On March 22, 1919, he made application to the defendant for a certificate of insurance, which was issued to him May 26, 1919, the plaintiff, designated as his wife, being named as beneficiary. In August, 1920, he went to Chicago to visit a sister. From there he went to Des Moines, registered at a hotel August 17, 1920, and later during the same day a woman was registered as his wife, occupying the same room. The three days following he drove much in a taxi with a woman, during all of which time he was drinking. Saturday night he drove in a taxi from about 11:30 to 1 o'clock and was intoxicated when he returned to his hotel. At 6 o'clock Sunday morning he was discovered in bed smoking with the bed on fire. At 11:30 the same morning he was notified that he was an undesirable guest and requested to leave the hotel. At 12:30 the same day his room was discovered to be again on fire. He was carried out and died soon afterwards.

The case has been hotly contested. Extensive pleadings have been filed and much evidence taken. An action of replevin was determined between the plaintiff and intervener at the April term, 1923, of the district court of Cloud county, wherein it was adjudged that the intervener was the lawful wife of the deceased, Chester M. Lodge. In that case the jury specifically found that Chester M. Lodge was married to Bertha Mae Lodge·on or about August 16, 1911, at Chicago, Ill., and that they were never divorced. Judgment was duly entered upon the finding and no appeal taken therefrom.

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, upon either the same or a different cause of action." (34 C. J. 868.)

The fact having been once legally determined in a court of competent jurisdiction that the intervener was the wife of Chester M. Lodge from August 16, 1911, to the date of his death disposed of that question. It could not be again litigated. That fact was settled—adjudicated and was finally determined. (*Whitaker v. Hawley,* 30 Kan. 317, 1 Pac. 508; *Smith v. Auld,* 31 Kan. 262, 1 Pac. 626; *Redden v. Metzger,* 46 Kan. 285, 26 Pac. 689; *Lux v. Columbian Fruit Canning Co.,* 120 Kan. 115, 242 Pac. 656, and cases cited.) And since Bertha, the intervener, was the lawful wife of Chester M.' Lodge, Mabel E., the plaintiff, was not. Evidence of the former trial and adjudication between the plaintiff and the intervener was not admitted in evidence in the instant case. It was, however, duly offered, is found in the present record and may be considered as though admitted. But, it is argued, the plaintiff was entitled to recover as a dependent even though she was not the lawful wife of the deceased. The question in various phases has had consideration by numerous courts, some favorable to plaintiff's contention and some opposed. Citations and discussions of the question are un-. necessary here because more decisive points control the decision.

A breach of warranty by the deceased in the application voided the contract not only as to the plaintiff but as· to the intervener. The application signed by Lodge contained this language:

"I hereby  .  .  .  apply for membership in the Order of United Commercial Travelers of America. Such membership is to be based upon the

Lodge v. Order of United Commercial Travelers.

following statement of facts, each and all of which are warranted by me to be true.   .   .   .

"1. Name in full, Chester Melvin Lodge.

.   .   .   .   .   .   .   .   .   .   .   .   .

"4. Payment in case of death by accident under the provisions of the constitution. Beneficiary's Christian and surname in full, Mabel Esther Lodge. .   .   .   Relationship to me is that of wife.

.   .   .   .   .   .   .   .   .   .   .   .   .

"11. Do you use spirituous, malt or other intoxicating liquors? No. State kind used: Average daily quantity. To what extent have you used them in the past? Moderate. Have you used any of them to excess? No. Do you use morphine? No. Opium? No. Cocaine? No. Chloral? No. Or other narcotics? No.

.   .   .   .   .   .   .   .   .   .   .   .   .

"And I hereby agree with the said order that I will comply with all the requirements of its articles of incorporation, constitution, laws, rules and regulations, and that any misstatement of concealment of any fact shall cause a forfeiture of my membership and insurance in said order and shall also cause, as to myself, and my beneficiary or beneficiaries, a forfeiture of all rights to indemnity, and to the recovery of anything whatsoever on account of any certificate of membership or insurance which may be issued to me by said order."

The policy issued to Lodge contained this language:

"This certificate, the constitution, by-laws and articles of incorporation of said order, together with the application for insurance signed by said insured member shall constitute the contract and shall govern the payments of benefits."   .   .   .

Part of article 4 of section 4 of defendant's constitution reads:

"Any misstatement, misrepresentation, fraud or concealment of fact by a person in obtaining or regaining membership in the order shall render null and void any certificate of membership or insurance issued to him."

The defendant claimed breaches of warranty, first, in designating the plaintiff beneficiary as his wife when she was not in fact his true and lawful spouse; second, in answer to question No. 11 in his application as above set out.

As before stated, it was adjudicated between plaintiff and intervener that plaintiff was not the lawful wife of the deceased. Technically that adjudication did not settle the question between the plaintiff and the defendant, nor did it settle the question of whether the deceased breached his warranty in representing to the defendant that the plaintiff (Mabel E. Lodge) was his wife. Entirely aside from the adjudication, however, the record contains evidence, which

·need not be detailed, which shows beyond peradventure of a doubt that the intervener, Bertha Mae Lodge, and deceased were duly married, never divorced, and that she was his wife at the time of his death, and that the plaintiff, Mabel E. Lodge, was not his lawful wife at the time he made application for the policy, nor at the time of his death. From which it appears that the deceased in his written application to the defendant for the insurance in controversy represented the plaintiff, Mabel E. Lodge, to be his wife when in truth and in fact she was not. The plaintiff contends that the representation was a designation only, a contention with which we cannot agree. The language of the application above set out is so clear as to need no interpretation and the statement by the applicant "that any misstatement or concealment of any fact shall cause a forfeiture of my membership and insurance in said order, and shall cause, as to myself and my beneficiary or beneficiaries, a forfeiture of all rights to indemnity, and to the recovery of anything whatsoever on account of any certificate of insurance which may be issued to me," was and is binding upon both claimants. It has been repeatedly held that where the contract makes the answers warranties, that its validity depends upon the truthfulness of the answers. In *Hoover v. Royal Neighbors,* 65 Kan. 616, 70 Pac. 595, it was said:

"When in a contract of insurance, the application of the insured is made the basis for, and a part of, the contract between the parties, and in the contract so made, it is stipulated and warranted that the answers of the insured to questions propounded in the application are literally true, and it is also stipulated that if any such answer be found to be not literally true, the contract shall become absolutely null and void, the validity of the contract depends on the truthfulness of the answers, and not on the materiality of the answers to the risk assumed. The contract of the parties having made the answers of the insured material, the same is avoided if such answers be found untrue." (Syl.)

(See, also, *Green v. Annuity Association,* 90 Kan. 523, 135 Pac. 586; *Becker v. Surety Co.,* 105 Kan. 99, 181 Pac. 549; *Glasgow v. Woodmen of the World,* 107 Kan. 354, 191 Pac. 470; *Hiatt v. Woodmen of the World,* 107 Kan. 359, 191 Pac. 472; *Steele v. Woodmen of the World,* 115 Kan. 159, 222 Pac. 76.)

In *Brotherhood Ry. Trainmen v. Merideth,* 146 Ark. 140, 225 S. W. 337, it was said substantially:

"Where the applicant for fraternal insurance stated that the beneficiary was his wife, and expressly warranted the truth of such statement, the named beneficiary cannot in an action on the certificate claim that such statement

Lodge v. Order of United Commercial Travelers.

was a mere representation, and, if such statement was false, there could be no recovery.

"Where the applicant for fraternal insurance stated that the proposed beneficiary was his wife, which statement was required by the insurer, and insured warranted such statement, recovery cannot be had by the beneficiary on the theory that if not the wife of the insured she was a lawful dependent, since the warranted statement must be substantially true."

(See, also, *Koerts v. Grand Lodge, Herman's Sons*, 119 Wis. 520, 97 N. W. 163; *Stribling v. Fraternal Aid Union*, 107 Neb. 363, 186 N. W. 317.)

It is contended that defendant is precluded from setting up a breach of warranty because it failed to tender back the premiums paid for the insurance. The exact question appears not to have been passed on by this court. It would seem, however, that failure to pay back the pittance received in premiums by the defendant should not deprive it of this defense. The insured had full knowledge of the fact that the contract was invalid because of his fraudulent misrepresentations. In *Taylor v. Grand Lodge A. O. U. W.*, 96 Minn. 441, 105 N. W. 408, the supreme court of Minnesota passing upon a similar question, had this to say:

"The claim that a party who has by false and fraudulent representations secured membership in an order of this character has an absolute right to the return of the money which he has paid into its treasury upon the discovery of his fraud, to say the most, rests upon a very meager foundation of merit. Such a rule is an invitation to fraud. If all moneys thus voluntarily paid can be recovered or must be returned by the insurer as a condition precedent to pleading the fraud as a defense, a party who contemplates obtaining insurance by false representations may well feel that he is taking no chances of loss, but is entering upon a transaction in which he stands to gain large returns without any possibility of endangering his investment. If the fraud is never discovered the beneficiary under the policy which will be issued to him, will receive the full benefit of the contract. If it by chance is discovered, his estate will receive back all that has been paid by the guilty party, and the trouble and expense attending upon the transaction will be thrown upon the innocent party. As the beneficiary certificate upon which this action was brought was obtained by fraud, the lodge was not required to return what it had received for assessments as a condition of availing itself of the right to elect to treat the contract as void *ab initio*." (p. 453.)

(See, also, *National M. F. of Ins. Co. v. Duncan*, 44 Colo. 472, 20 L. R. A. n. s. 340; *Hexom v. Maccabees*, 140 Iowa 41; *Hermann v. Court of Honor*, 193 Ill. App. 366; *Waltz v. Workmen's Sick and*

*Death B. Fund,* 141 N. Y. S. 578; *Elliott v. Knights of Modern Maccabees,* 46 Wash. 320; *Showalter v. M. W. of A.,* 156 Mich. 390.)

One of the defenses pleaded by the defendant was that the contract of insurance was void because of misrepresentations by the insured that he had never used intoxicating liquor or narcotics to excess. The intervener testified at length and in detail showing that the deceased used both liquor and narcotics to excess. The evidence, which need not be detailed, shows beyond any question that the deceased practically from the time of his marriage to the intervener and up, at least, until the time he was incarcerated in the penitentiary of Arkansas, used liquor and narcotics to great excess, and on various occasions was committed to prison because of different crimes. This proof on the part of the intervener shows conclusively that the representations by the deceased in obtaining the insurance in question were false and precludes her from recovery. She has no right to recover when she knows and testifies to facts which show beyond question that the insurance was procured through misrepresentation.

Numerous other questions ably presented in the briefs need not be discussed. We are convinced that to compel payment of the insurance, under all the circumstances, would constitute a miscarriage of justice.

The judgment is reversed and the cause remanded with instructions to enter judgment for the defendant.