No. 34,775

BARBARA JARNEVIC, *Appellant,* v. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, *Appellee.*

(112 P. 2d 91)

Opinion filed April 12, 1941.

*J. H. Brady* and *N. E. Snyder,* both of Kansas City, for the appellant.

*Richard F. Allen,* of Topeka, *Arthur J. Stanley, Arthur J. Stanley, Jr., J. E. Schroeder* and *Lee E. Weeks,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action on a life insurance policy. Judgment was for the defendant. Plaintiff appeals.

After the formal allegations, the amended petition alleged that plaintiff was the widow of John Jarnevic and that he died about January 28, 1933. The petition then set out the names of the children of plaintiff and insured, and stated they were made parties on motion of defendant Woodmen of the World so that the rights of all

parties might be determined; that in 1931 or 1932 insured purchased a policy from the Woodmen of the World for $2,000 and in that policy named one Louise Lister as beneficiary and designated her as his niece; that Louise Lister was no relation at all to insured and could not under the law be a beneficiary in this policy; that plaintiff had done all things requested of her but that defendant had refused to pay her the $2,000 due, and sometime in 1933 paid the amount of the policy to Louise Lister; that plaintiff and the children named were the rightful heirs of deceased; that the $2,000 was owing to her and to the children as the heirs of the estate of insured; that a copy of the policy was attached to the petition. Judgment was prayed against the defendant Woodmen of the World for $2,000 and the costs and that the children named be required to appear in court and set up their claim.

The Woodmen of the World admitted the residence of insured and that plaintiff was his widow; that insured died January 28, 1933. The answer further alleged that the Woodmen of the World was a fraternal insurance organization; that it issued a certificate of membership, subject to laws then in force or subsequently enacted and subject to such rules and regulations of defendant as might from time to time be adopted. The other allegations of the petition were denied.

For a further answer to plaintiff's petition the defendant Woodmen of the World alleged that the certificate was issued to insured pursuant to a written application, a copy of which was attached to the answer; that in the application he stated he was born on the 10th day of June, 1877, whereas in fact he was born in the year 1875, and in the application he named Louise Lister as beneficiary and stated that she was related to him by blood as niece. The answer also set out the following statement in the application:

"I hereby certify, agree and warrant that all the statements, representations and answers in this application, consisting of two pages as aforesaid, are full, complete and true, whether written by my own hand or not, shall be warranties, and I agree that any untrue statements or answers made by me in this application, or to the examining physician, or any concealment of facts in this application or to the examining physician, intentional or otherwise, or my being suspended or expelled from or voluntarily severing my connection with the association or any failure on my part to comply with the laws of the association, now in force or hereafter adopted, shall make my beneficiary certificate void, and all rights of any person or persons thereafter shall be forfeited."

The answer also stated that John Jarnevic warranted all the answers recorded in the application were true; that the Woodmen of the World relied upon this application. The answer further alleged that insured died about January 28, 1933; that Louise Lister made proof of death and claim for benefits; that then the Woodmen of the World learned that insured was of a greater age than given in the application and was entitled to receive only that proportion of the benefit named that the amount of monthly assessments paid by insured would purchase at his true age; that by reason of this discrepancy the amount of $1,749.34 was paid to Louise Lister on August 17, 1933, in full release of all claims; that by reason of this payment to Louise Lister neither the plaintiff nor the children of plaintiff and insured are entitled to any sum.

For a third defense the Woodmen of the World alleged that insured warranted the statements in his answer to be true; that if Louise Lister was not related to insured then insured had practiced a fraud upon the defendant and by reason thereof the certificate of membership became null and void and insurer was not liable to pay any sum either to Louise Lister or to any other person. It was further alleged that had insured known that no relationship existed between insured and Louise Lister it would not have paid any sum on account of the certificate, and alleged that in event it should be determined that Louise Lister was not related to insured then it should be held that insurer was not liable in any sum whatsoever on account of the certificate. A copy of the constitution and bylaws of the· society at the time of the death of insured was attached to the answer. One of the provisions of these bylaws was as follows:

". . . If any of the statements or declarations in the application for membership be found in any respect untrue, the certificate shall be null and void and of no effect, and all moneys which shall have been paid and all rights and benefits which have accrued on account of the certificate shall be absolutely forfeited without notice or service."

It was further alleged that these bylaws were binding on insured as beneficiary and all persons asserting any claim under the certificate; that by the laws of insurer the designation of beneficiary was limited to persons as follows:

"Wife, children and adopted children, parents, brothers and sisters, and other blood relations, father-in-law, mother-in-law, daughter-in-law, son-in-law, sister-in-law, brother-in-law, step-father, step-mother, step-children, step-sister, step-brother, or persons dependent upon the member, and such other beneficiaries as may be permitted by the laws of the state in which the camp is located

of which the applicant originally becomes a member. Provided, that on the request of the applicant or of any member at any time, the beneficiary certificate may provide that if the beneficiary should predecease the member, then, and in that event, some other person specifically designated within the classes above mentioned shall be named as the alternate beneficiary. The member may designate this Association as his beneficiary for the use and benefit of any home, hospital or sanatorium operated by the association if he has no wife or children, or if he is the occupant of any home, hospital or sanatorium operated by this association."

The petition then alleged that should it be found that Louise Lister was not a person that might be named as beneficiary then the certificate should be ordered canceled.

The prayer of the answer was that plaintiff and the children of plaintiff and insured take nothing by the action and that if it be found that Louise Lister was not a lawful beneficiary then the certificate of membership be canceled.

For reply the plaintiff alleged that the facts alleged in the answer did not constitute a defense to her cause of action and further pleaded that the insurer waived all defense pleaded by its payment to Louise Lister of the amount due under the certificate and further alleged that the bylaws, which had been set out in the answer, were unreasonable and contrary to the public policy of the state and were therefore void.

When the case was called for trial in the district court there was a colloquy between counsel and court as to the defense upon which the defendant Woodmen of the World relied. Finally the statement was made by the court and counsel that defendant insurer was not relying upon any claim of payment but merely upon the defense with reference to misrepresentation made by insured. At that time counsel for insurer asked that the statement in the last amended answer just before the prayer where the insurer asked that the certificate of membership should be canceled, be stricken from the answer, and that the request in the prayer that if it be found that Louise Lister was not a lawful beneficiary then the certificate of membership be canceled, should be stricken from the prayer.

The court also made the statement just before the taking of evidence started that "As I see it there is only one question of fact in this case and that is whether or not this relationship did or did not exist." This statement appears to have been assented to by counsel. At the conclusion of all testimony the court made the following statement:

"The Court: I was going to say this. As I understand the agreement between counsel in this case, certain specific questions are going to be submitted to the jury. After the jury has answered these questions, then the court can pass on the questions of law pertinent to this case. That is the agreement, as I understand.

"Counsel for defendant: Yes.

"The Court: In other words, no instructions are going to be given to the jury. The regular form of instructions will not be submitted, only questions for the jury to answer, that is agreeable to both counsel, I understand?

"Counsel for defendant: That is our understanding. We have prepared questions."

The jury made the following answer:

"1. Was Louise Lister a blood relation to John Jarnevic, the insured, in the benefit certificate sued on in this action?  A.  No."

It will be noted that this case is peculiar in that while the parties were entitled to a jury the case was not submitted to the jury on the instructions of the court, but only specific questions were asked the jury, and the questions were limited to a determination of one issue.

After the jury made the finding set out above, the defendant Woodmen of the World moved the court to set aside the answer for the reason that it was contrary to the evidence and was returned under the influence of passion and prejudice and also filed a motion in which it asked for judgment.  The plaintiff also asked for judgment.  The court in a memorandum opinion made the following statement:

"It is the opinion of the court that, despite the finding of the jury, judgment must be rendered in favor of the defendant, Sovereign Camp of the Woodmen of the World, for the reason that in this case only the defendant, Sovereign Camp of the Woodmen of the World, had the right to question the qualifications of the designated beneficiary to claim the insurance."

Judgment was rendered in accordance with the above statement. Hence this appeal.

The trial court did not pass on the motion of the Woodmen of the World to set aside the answers to the special questions.  As far as this record discloses, the answer of the jury to the special questions still stands.

The plaintiff argues first that the defendant society waived the defense of fraud by denying liability on other grounds, and was estopped from maintaining it as a defense by payment to the named beneficiary with knowledge of facts sufficient to put it upon inquiry as to the claimed relationship between the beneficiary and the insured; second, that even if the society had not waived the defense

of fraud and was not estopped from asserting it there was no proof that insured had made any representations that Louise Lister was his niece; third, when there are eligible beneficiaries surviving the proceeds of the policy may not be forfeited or diverted to some person who is not eligible, but the widow has the right to those proceeds, and may challenge payment to an ineligible person.

Since plaintiff alleged that Louise Lister was not a blood relative of insured, and assumed the burden of proving that fact to a jury, and since the jury found that she was not a blood relative, and the plaintiff did not ask to have this finding set aside, for the purposes of this opinion that fact may be considered settled.

Before proceeding further, however, we shall deal with the argument of plaintiff that there was no proof on the point that insured had made a representation that Louise was his blood relative. The argument of plaintiff on this point is that what insured did was not a statement, answer or representation, but only a direction for payment with a description of the beneficiary.

The situation in this case has already been set out here. The application provided that all statements made in it should be warranties and that any untrue statements or answers should make the certificate void. A provision to the same effect is in the constitution and bylaws of the society. The general rule in such cases is set out in 4 Couch on Insurance, 3109, as follows:

"And, as a general rule, where a statement of relationship between insured and the beneficiary is, by agreement of insured and insurer, to be taken as a warranty, or where it is so interpreted by the courts, an erroneous statement of such relationship vitiates the policy, and the named beneficiary cannot recover. Again, where, both by statute and the constitution and laws of a fraternal beneficiary association, the benefits are limited to a certain class and the certificate is issued subject thereto, a false warranty as to relationship of a beneficiary not within the limited class voids the certificate. And the policy is held avoided and the right of recovery defeated where it is stipulated in a contract of membership in a benefit society that the applicant's statements shall be warranties, and payment of any benefit be conditioned by their truth, and a statement was made by the applicant that the beneficiary was his wife, when at the time he was merely living with her as such, or had been divorced from her."

The language of the application made the statements of the insured warranties if it is possible to do so. It will not do to say that the designation of a beneficiary was not a statement of the insured. It was information that was necessary for the society to have before the certificate could be issued. Since there were restrictions

on the classes of persons who could be made beneficiaries by this society it was important that the society know what the relationship between an insured and a beneficiary was. It is not reasonable to assume that the society desired to make a practice of issuing certificates to people and to name people as beneficiaries in them who could not be legally made beneficiaries under either the laws of the society or the statutes of the state.

In *Lodge v. Order of United Commercial Travelers*, 125 Kan. 26, 262 Pac. 598, this court considered this question. In that case the insured had designated a woman as beneficiary and had stated that she was his wife. After his death his real wife and the woman designated as his wife contended for the proceeds of the policy. This court held that neither one of them could recover on account of the fraud of insured in designating the woman as his wife and naming her beneficiary when she was not his wife. The question we are considering here was raised, and this court said:

"The plaintiff contends that the representation was a designation only, a contention with which we cannot agree. The language of the application above set out is so clear as to need no interpretation and the statement by the applicant 'that any misstatement or concealment of any fact shall cause a forfeiture of my membership and insurance in said order, and shall cause, as to myself and my beneficiary or beneficiaries, a forfeiture of all rights to indemnity, and to recovery of anything whatsoever on account of any certificate of insurance which may be issued to me,' was and is binding upon both claimants. It has been repeatedly held that where the contract makes the answers warranties, that its validity depends upon the truthfulness of the answers." (p. 30.)

See, also, *Hoover v. Royal Neighbors*, 65, Kan. 616, 70 Pac. 595, and other authorities cited therein. While the defendant society did not ask that this court hold the certificate to be void as to the named beneficiary as well as this plaintiff, such is the practical result from the fraud practiced by the insured. The certificate did not obligate the society to pay anyone in case of the death of the insured.

Plaintiff next argues that defendant society waived the defense of fraud when it elected to deny liability to plaintiff on other grounds and was estopped from relying on the defense of fraud by payment to Louise Lister. As the case was finally submitted to the jury the only defense upon which reliance was placed was that of fraud. The other questions were out of the case. As we have seen, the policy was void from the beginning on account of the fraud in naming the beneficiary. The payment to the named beneficiary, even though the policy was void, did not prejudice the right of plaintiff. There is no

evidence at all that plaintiff was led to any course of action in reliance upon the payment to the named beneficiary. The rule is well stated in 67 C. J. 303, as follows:

"Although courts have spoken of a waiver where there is no voluntary relinquishment of a right, where the other party has been led to a course of action in reliance upon some act of the party claimed to have made the waiver, such waiver rests upon the principle of estoppel. Thus, it has been stated that there can be no waiver where there was no intention to waive, unless one party has so acted as to mislead the other and is estopped thereby." (p. 303.)

Here plaintiff was in as advantageous a position to claim under the policy after the payment to the beneficiary as she was before.

The judgment of the trial court is affirmed.