BROTHERHOOD OF RAILROAD TRAINMEN *v.* MERIDETH.

## Opinion delivered November 15, 1920.

1. APPEAL AND ERROR—DIRECTION OF VERDICT—PRESUMPTION.—Where a verdict was directed against defendant, the Supreme Court will view the testimony in the light most favorable to it.

2. INSURANCE—PREMATURE ACTION.—A defendant insurance company will not be heard to contend that the suit of plaintiff claiming to be insured's second wife was prematurely brought, in that the procedure prescribed by the rules of the company for the collection of death claims had not been followed, where the efforts of plaintiff's attorneys to comply with such rules were met by the defendant's statement that it was estopped from further investigating the claim because of a suit brought on the same certificate by insured's first wife.

3. EVIDENCE—DECLARATIONS OF INSURED.—In a suit on a fraternal benefit certificate by one designated therein as insured's wife, it was proper to exclude testimony of a third person that insured told him that he had married a second time without obtaining a divorce from his first wife.

4. EVIDENCE—DECLARATIONS OF INSURED.—Where no change in the beneficiary designated in a benefit certificate is made, the interest of the beneciary becomes vested, and can not be defeated by proof of statements of the insured, whether the insured reserved the right to change the beneficiary or not.

5. MARRIAGE—PRESUMPTION AND BURDEN OF PROOF.—There is a presumption of validity in favor of any marriage which is shown to have been solemnized, and the burden of proving its invalidity rests upon him who questions its validity, though this requires proof of a negative.

6. MARRIAGE—VALIDITY—JURY QUESTION.—While the evidence, in a suit on a fraternal benefit certificate by one claiming to be insured's wife, would have supported a verdict to the effect that the presumption of the validity of the marriage has not been overcome, it was error to direct a verdict against the insurer, based simply on that presumption, where there was evidence tending to disprove its validity; the question being for the jury to determine.

7. INSURANCE—WARRANTY.—Where an applicant for fraternal insurance stated in his application that the designated beneficiary was his wife, and expressly warranted the truth of such statement, it can not be maintained that such statement was a representation, and if it was false there can be no recovery.

8. INSURANCE—BREACH OF WARRANTY.—Where an applicant for insurance warranted that the designated beneficiary was his wife,

the beneficiary can not recover on the theory that if not his wife she was at least a lawful dependent, though she might have recovered if she had been described as such dependent.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*F. Weldin,* for appellant.

1. The contract herein was void from the beginning for the reason that the insured made certain statements therein in breach of his warranties in said contract. The statements were warranties and were proved false as the beneficiary (appellee) was not the lawful wife of the insured. A wife of a man having another living wife not divorced is not a legal wife. 116 Ark. 501; Kirby's Digest, § 5176; 97 Ark. 272. The insured had a living wife other than the appellee beneficiary, and the policy was void, as there was a breach of the warranty. 120 Ark. 605; 121 *Id.* 185; 123 *Id.* 620; 14 R. C. L., p. 1375, par. 3 of note; 106 Ark. 213. The insured must comply with the constitution and by-laws in designating the beneficiary or the certificate is void. 2 A. L. R. 1676; 135 Ark. 65; Acts 1917, act No. 462, p. 2091; 29 Cyc. 118 B 1; 17 Ann. Cas. 660. The society can not waive an illegal designation of a beneficiary. 19 R. C. L. 1289, par. 84; 17 Ann. Cas. 865. The beneficiary fund can not legally be used except for the purposes designated by the society and the statute governing it. 117 Ark. 145; 27 Ann. Cas. 868. The beneficiary has no vested interest in the benefits until after the death of the insured if a change of beneficiary is permitted, and such change is permissible if not forbidden by the society. 97 Ark. 50; 81 *Id.* 512; 104 *Id.* 538; 133 *Id.* 411; 135 *Id.* 65; Ann. Cas. 1918 C, 1047; Ann. Cas. 1918 E, 263; 102 Ark. 72; Acts 1917, p. 2092, § 8.

2. It was error to admit the lodge receipts issued to insured by a lodge at Thayer, Mo., to prove that the insured lived at Thayer and the testimony of E. A. King was erroneously excluded. The entire testimony of W. D. Jackson was not competent and should have been ex-

cluded. The appeal from the action of the general secretary and treasurer of the order disapproving his claim was premature, as plaintiff was required to exhaust all remedies provided by the society before bringing suit. The action is premature. 14 Stand. Enc. Proc., p. 51-56; 19 R. C. L. 1228-40.

*Murphy, McHaney & Dunaway,* for appellee.

1. There was no error in instructing a verdict for appellee. Appellee was the wife of the member; but, if not the actual lawful wife, she was lawfully dependent upon the insured. When a marriage in fact has been shown, whether regular or irregular, the law raises a presumption of its legality, and casts the burden of proof on the party objecting to show that the marriage is illegal and void. 47 Okla. 276; Bishop on Mar. Div. & Sep., §§ 77, 956-8; 19 S. W. 560; 222 Mo. 74; 17 Ann. Cas. 678-80; 28 Col. 308; 64 Pac. 195; 89 Am. St. 193. See, also, as to presumption of legal marriage, 34 Ark. 518. A legal marriage is presumed. 67 Ark. 281; 131 *Id.* 221-4; 9 R. C. L. 568.

2. If not the actual lawful wife, appellee was lawfully dependent on the insured and a proper beneficiary. 18 Atl. 675; 52 N. J. L. 455; 20 Atl. 36; 33 N. E. 816.

3. Appellant has failed to abstract the testimony and the judgment should be affirmed under rule 9. 103 Ark. 430; 101 *Id.* 207; 92 *Id.* 426; 82 *Id.* 547.

Smith, J. This is a suit by appellee to recover as beneficiary on a certificate of insurance issued by appellant company to one Arthur C. Merideth. Appellant (hereinafter referred to as the company) denied liability under the certificate for the reason, as it contends, that appellee was not the lawful wife of the insured, who had alleged in his application for said certificate that appellee was his wife and warranted his statements to be true, full and complete. There was a trial before a jury, but at the conclusion of the testimony the court directed the jury to return a verdict against the company, which was done, and this appeal is from the judgment so rendered.

Appellee seeks to defend the action of the court upon two grounds, first, that appellee was a legal wife, and, second, that, if not a legal wife, she was a lawful dependent, and that, under the terms of the certificate and the constitution of the company, recovery could be had in either capacity.

As the verdict was directed against the company, we must view the testimony in the light most favorable to it. It may be summarized as follows: Appellee testified that she and the insured were married on November 19, 1915, in Amarillo, Texas, and that they lived there for one month after their marriage, after which they moved to Memphis, Tennessee, where they lived for about eight months. That they then moved to Booneville, Arkansas; then lived in Jonesboro, Arkansas; at Sayre, Oklahoma; Tucumcari, New Mexico; Thayer, Missouri; Pine Bluff, Arkansas; and finally in Little Rock, Arkansas, in all of which places they had lived together as man and wife. That a marriage ceremony was performed by a minister, and that while the marriage license was issued to Charles A. Merideth and Winnie Adams, those persons were none other than herself and her husband, Arthur C. Merideth, he being known both by the names of Charles and Arthur. That she did not know until after her marriage that her husband had been previously married, and that she acquired this information by opening a letter in a lady's handwriting addressed to him. This letter was signed Nora Merideth, and the writer stated that she thought it best for her and the children that she marry again, as she understood he (her husband) had married. That insured admitted that Nora Merideth was his former wife, but he claimed that they had been divorced, and appellee was satisfied with the explanation. That insured claimed and was allowed exemption from military service on the ground that he was a married man, and that she was his wife, and that insured died October 19, 1918, in Little Rock.

Nora C. Merideth testified that her home was in Rector, Arkansas, where she had lived for thirty-two years, and had married Arthur C. Merideth on November 26, 1908, and from whom she was never divorced, and that her husband died in Little Rock on the 19th day of October, 1918. That she lived with her husband in Rector for four years, when he took up railroad work, and thereafter he was away from home a good part of the time, but Rector was still his home, and he visited her frequently except during the last four or five years, but he wrote her and sent her money during that time, and that while in Texas he wrote her to come and bring the children to him and he would furnish money for transportation; that the money was not sent, but he later came himself; that he came to Jonesboro and ran as a brakeman out of that city for about a year, when he went to Amarillo, Texas, and worked for the Rock Island Railway Company for two years, and that he was later transferred to Little Rock.

The clerks of the courts having jurisdiction in divorce cases of Clay County, in which Rector is situated, and of Craighead County, in which Jonesboro is situated, and of the county in Texas in which Amarillo is situated, testified that after having searched the divorce records there was nothing to be found showing a divorce to the insured.

The company offered—but the court excluded—the testimony of Norman Reeder to the effect that witness had been insured's neighbor while he lived in Rector, and that insured told him in the month of August, 1917, that, without obtaining a divorce from his first wife, he had married a second time.

There was offered in evidence the application of the insured for his certificate, which the company designated Form A, and the examination, which was designated Form B. The certificate of insurance by express terms made these forms a part of the contract.

Form A contained the question, To whom do you want benefits made payable? The answer was, Winnie Elsie Merideth (appellee). Following this the question was asked, "State relationship of the person or persons to you?" and the answer was, "Wife." This answer was followed by the printed statement, "I hereby warrant the foregoing statements and answers to be true, full and complete." This application was signed and dated May 18, 1917.

The examination also contained the following printed statement, which was followed by the second signature of the insured: "Note carefully the following Declaration and Agreement: I, the undersigned applicant, hereby agree * * * that all the foregoing statements and answers to questions in forms 'A' and 'B' I adopt as my own, admit to be material, warrant to be true, full and complete, and make the basis of the contract with said brotherhood (the company), and in the event any untrue or incomplete statements or answers have been made, this contract shall be null and void and of no effect."

The constitution and by-laws of the company gave the insured the right to change the beneficiary at will, and there was offered in evidence a prior application of the insured dated January 5, 1914, in which he applied for, and in response to which there was issued, a certificate to Nora Merideth, whose relationship to the insured was stated to be that of wife.

There was offered in evidence the constitution and by-laws of the company, by section 63 of which it was provided that "payment of death benefits shall be only made or certificates transferred to * * * lawful wife, * * * or persons lawfully dependent upon the member."

At the time the certificate was written deceased was a member of the Amarillo, Texas, local lodge, but he later changed his membership to Thayer, Missouri, and was a member of that lodge from January 5, 1914, to November 1, 1914, and made ten monthly payments of dues through

that local lodge. In the application for membership in the Thayer lodge the insured gave Jonesboro, Arkansas, as his postoffice address.

The company further contended that the suit had been prematurely brought, in that the procedure prescribed by the rules of the company for the collection of death claims had not been followed. This contention may be disposed of, however, by the statement that the undisputed evidence shows that attorneys representing appellee pursued these remedies with the greatest diligence; and the persistent efforts of the attorneys in this respect were terminated by a letter from the company containing the statement that the company was estopped from taking further action in the investigation of the claim because of a suit which had been brought on the certificate. The suit referred to was brought, not by appellee, but by Nora Merideth. See also *Bonham* v. *Brotherhood of Ry. Trainmen, ante* 117.

We think the court properly excluded the testimony of Reeder. In our case of *Lincoln Reserve Life Ins. Co.* v. *Smith,* 134 Ark. 245, we held that a policy of life insurance constitutes a contract between the insurer and the beneficiary, either under assignment or under the original designation in the policy itself, and that it was not competent to prove, as against the interest of the beneficiary, the declarations of the insured. That holding appears to be in accord with the great weight of authority. It is pointed out, however, that, while this is the general rule in suits on policies where the right to change the beneficiary does not exist, and in cases where the insured is held to have a vested interest in the policy of insurance, a different rule exists when the insured has the right at any time to change the beneficiary, and that members of the appellant company have the right to change the beneficiary. Counsel cite section 601 of the article on Insurance in 14 R. C. L., p. 1438, where it is said that, "On the other hand, some courts have held that the admissions and declarations of the insured are admissible

against his beneficiary, and no doubt this is the proper
rule in the case of a benefit society, the beneficiary having
no vested right; though some courts have held that the
same rule applies as in the case of an ordinary life pol-
icy.''   Numerous cases are collected in the annotated
cases which are cited in the notes to the text quoted.
*Taylor* v. *Grand Lodge,* 11 L. R. A. (N. S.) 92; *Knights
of Maccabees* v. *Shields,* 49 L. R. A. (N. S.) 853; *Noph-
sker* v. *Supreme Council, etc.,* 7 A. & E. Ann. Cas. 646;
*Taylor* v. *Grand Lodge,* 11 A. & E. Ann. Cas. 260.

The majority of the cases collected in the annotated
cases just cited support the distinction pointed out in the
above quotation from R. C. L.; but we think the courts
holding that no distinction should be made between the
two classes of policies presents the sounder view.   We
think the better rule is that where no change in the bene-
ficiary is made, and the insured dies, the interest of the
beneficiary becomes vested, and can not thereafter be
defeated by proof of statements of the insured.

Counsel for appellee cite numerous cases of other
courts, as well as decisions of this court, to the effect that
there is a presumption of validity in favor of any mar-
riage which is shown to have been solemnized, and that
the burden of proving its invalidity rests upon him who
questions its validity, and that this is true, notwithstand-
ing it requires proof of a negative.   It is argued that, if
this presumption is recognized and given effect, it can
not be said that the insured had not obtained a divorce
prior to his marriage to appellee.

Counsel for appellee correctly state the presumption
of law, and the testimony in the case would have sup-
ported a verdict to the effect that this presumption had
not been overcome; but, as the verdict was directed
against the company, the question is whether the jury
might not have found otherwise.   Upon that issue, we
are of opinion that this question of fact should have been
submitted to the jury.

It is argued by learned counsel for appellee that the insured might have obtained a divorce at Thayer, Missouri; Tucumcari, New Mexico; or Sayre, Oklahoma. So he might have done. But, as to each place, there is a question as to the sufficiency of the residence of the insured to have obtained a divorce, and this question might, or might not, have been resolved in appellee's favor.

The point is made that the answers of the insured to the effect that appellee was his wife are mere representations, or a designation of the beneficiary, and as such were not material and did not invalidate the certificate, even though they are false. But we do not agree with counsel in this contention. In language express and unmistakable the truth of the answers set out above is warranted, and, if so, there can be no recovery if the answers are false. *National Americans* v. *Ritch,* 121 Ark. 185; *Brotherhood of American Yeomen* v. *Fordham,* 120 Ark. 605.

It is finally insisted that the judgment should be affirmed whether appellee was the lawful wife of the insured or not, as by section 63 of the constitution and by-laws of the company, quoted above, a member was permitted to take out a policy in favor of a lawful dependent. It is argued that appellee was a lawful dependent, inasmuch as she was living with the insured as his wife in good faith, believing herself to be such. Authorities cited in the brief of counsel for appellee support the view that a woman thus situated is a lawful dependent within the meaning of the language of policies of insurance, and constitutions and by-laws of insurance companies, employing that term. Cases holding to the contrary appear to be cases where the alleged wife was knowingly occupying an illicit relation.

Upon the authority of those cases, we would affirm the judgment, had the insured designated appellee simply as a lawful dependent in his application for the insurance. But this was not the designation employed by him. The company has seen fit to require a statement of the

relationship existing between the applicant and the proposed beneficiary, and has required that the answer stating that fact in the application be warranted by the applicant, and it must, therefore, be substantially true. It is not substantially true to designate as wife one whose relationship is only that of lawful dependent.

For the error in directing the verdict in appellee's favor the judgment must be reversed and the cause remanded for a new trial.

