MISSOURI PACIFIC RAILROAD COMPANY ET AL. *v.* HARRIS.

4-5175                                                    120 S. W. 2d 720

Opinion delivered October 10, 1938.

*Thomas B. Pryor* and *Daggett & Daggett,* for appellants.

*Giles Dearing,* for appellee.

HUMPHREYS, J. Appellee, administratrix of the estate of Sam Harris, deceased, brought two separate suits against appellants in the circuit court of Cross county to recover damages for the negligent killing of Sam Harris in the operation of one of their trains at a grade crossing collision in the city of Wynne, Arkansas. The suits were consolidated for the purposes of trial and appellee recovered in the first suit $225 for the funeral expenses of Harris, and in the second suit $500 for the benefit of Lawrence Harris, the minor son of Sam Harris by a former spouse for anticipated contributions, and $1,000 for herself as the widow Sam Harris for anticipated contributions.

An appeal has been duly prosecuted to this court from the judgments.

Appellants concede that the judgments for funeral expenses, and for the benefit of Lawrence Harris for the loss of contributions from his father is supported by the law and testimony, but contend that appellee was not the widow of Sam Harris at the time he was killed, and was, therefore, not entitled to a judgment of $1,000 or any other sum for the loss of contributions on account of the death of Sam Harris. In other words, appellants contend that the record reflects that the marriage of Sam Harris to appellee was a bigamous marriage because appellee had a living husband by the name of Carter Cross at the time she married Sam Harris.

Appellee introduced a marriage license authorizing the marriage of Sam Harris to Minnie Lee Jones bearing date of January 29, 1930, which contained a certificate by Reverend E. J. Jones that he married them on February 1, 1930, and that they lived together as husband and wife until Harris was killed by the operation of appellants' train on May 1, 1937, and that during that time he supported her.

Appellants concede that it is a well established principle of law that proof of a marriage ceremony duly performed, pursuant to the license authorized by statute, carries with it a presumption of legality, and that the burden is on the party attacking such marriage to prove its illegality.

In order to overcome the presumption of the legality of the marriage of Minnie Lee Jones to Sam Harris appellants introduced in evidence a decree of divorce of date March 20, 1930, granted by the chancery court of Cross county wherein Minnie Lee Cross was plaintiff v. Carter Cross, No. 2760, upon the ground of cruel and intolerable treatment.

Appellants argue that this decree of divorce rendered in favor of Minnie Lee forty-eight days after the marriage of Minnie Lee to Sam Harris overcomes the presumption of the validity of her marriage to Sam Harris arising from the proof of the marriage ceremony

duly performed pursuant to the license authorizing the marriage of Sam Harris and Minnie Lee Jones. We cannot agree with this argument because the burden rested upon appellants to also show that Carter Cross had not obtained a divorce from Minnie Lee during their separation. There is testimony in the record tending to show that Carter Cross had obtained a divorce from Minnie Lee prior to her marriage to Sam Harris and that Carter Cross himself had married after obtaining the divorce so appellants did not overcome the burden resting upon them by simply proving that Minnie Lee obtained the divorce after she married Sam Harris. In order to meet this burden appellants must have proved by clear and decisive evidence that Carter Cross had not obtained a divorce from Minnie Lee. It is true this would have required appellants to prove a negative, but in order to overcome the sacred and stalwart presumption protecting the marriage state they must have done so even though it required them to prove a negative. This court held in the case of *Brotherhood of Railway Trainmen* v. *Meredith,* 146 Ark. 140, 225 S. W. 337, that the party who questions the validity of a marriage shown to have been solemnized, has the burden of proving its invalidity, and this is true notwithstanding is requires proof of a negative.

The trial court correctly ruled that appellants did not meet the burden resting upon them, and was, therefore, correct in submitting the issue to the jury of the loss of contributions sustained by her.

The judgment is affirmed.