## UNITED STATES v. BURNS et al.
### Civ. A. No. J–641.

United States District Court
E. D. Arkansas. Jonesboro Division.
Feb. 17, 1951.

James T. Gooch, U. S. Atty., G. D. Walker, Asst. U. S. Atty., Little Rock, Ark., for plaintiff.

Frank C. Douglas, Blytheville, Ark., for Lillie Harris Burns.

Davis & Davis, Memphis, Tenn., for Rosie Lee Burns Hunter.

Reid & Roy, Blytheville, Ark., for Elisha Burns, et al.

TRIMBLE, Chief Judge.

This is an action in the nature of an interpleader brought by the United States of America, pursuant to Section 19, World War Veterans' Act of 1924, as amended, and Section 617 of the National Service Life Insurance Act of 1940, as amended, Sections 445 and 817, Title 38 U.S.C.A., against the defendants herein who have or claim an interest in a policy of National Service Life Insurance issued by the plaintiff to Elisha Burns, deceased. The issu-

ance, terms or conditions of the policy not being in dispute, and liability of plaintiff thereon being admitted, a more particular description of the policy will not be necessary. The claimants are two alleged wives and the insured's brothers and sisters.

The claimant Lillie Harris Burns was married to Elisha Burns, the insured, at Clarksdale, Mississippi, on January 24, 1928. This was her first marriage and also the first marriage of the insured. They lived together in Mississippi and from there moved to Hermandale, Missouri, where they lived together as husband and wife until Elisha left her. He left with Rosie Lee Liveson, referred to herein as Rosie Lee Burns Hunter, who at that time was the wife of Dempsey Liveson. The claimant then moved to Blytheville, Arkansas, where she continued to live until the present time. She never obtained a divorce from the insured and was never notified of any suit brought by him for divorce.

She testified she was badly hurt in an automobile accident, and while on crutches and unable to work she met Fred Hampton. He wanted her to keep house for him and wanted to marry her. They were married on a license secured at Blytheville, Arkansas. Her name was given as Lillie Jones and his as Fred Hamilton. Three or four years after they began living together Fred heard about Elisha and left her. She only saw him occasionally afterwards.

She introduced certificates from the clerks of counties where Elisha was supposed to have lived since the date of her marriage to him, showing that by proper search of the records no record was found of any divorce granted to either Elisha Burns or Lillie Harris Burns during his lifetime. However, it is in evidence that after Elisha left her he lived in St. Francis County, Arkansas, and no certificate was furnished for that county.

The other alleged wife, who is a claimant, is known in this action as Rosie Lee Burns Hunter. She testified she was living with her husband Dempsey Liveson, in Hermandale, Missouri, when Elisha Burns and his wife Lillie Harris Burns moved near them; that she took up with Elisha Burns and left with him. She says she and Elisha lived together without marriage until October 23, 1943, when Elisha was going to the armed services, at which time she married him. The marriage license was secured in Crittenden County, Arkansas. She never got a divorce from Dempsey Liveson, and was never served with any process in any divorce suit brought by him. She testified that three or four years after she left Dempsey she knew he was still living in Hermandale, Missouri. Dempsey Liveson, by deposition, testified that he never got a divorce from Rosie Lee, and was never served with process in any suit for divorce brought by her.

■ It needs no citation of authorities to sustain the proposition that the marital status of the parties must be determined by the laws of the State of Arkansas.

■ The claimant Lillie Harris Burns was at one time legally married to the deceased-insured, Elisha Burns. If that status continued until his death she would be entitled to judgment here. The pertinent facts as to her claim are, that after she was left by Elisha Burns she moved to Blytheville, Arkansas, and in 1942 she was married there in legal form to Fred Hampton. She lived with him until about the time of Elisha Burns' death. The license for this marriage was secured at Blytheville, Arkansas, and if no marriage existed at that time between Lillie Harris Burns and Elisha Burns, the insured, this was a legal marriage to Fred Hampton. The burden is upon Lillie Harris Burns to prove that her marriage to Fred Hampton was not a legal and valid marriage, by clear and decisive evidence.

The cases in the Supreme Court of Arkansas are in accord. The law of this state is well set out in Lathan v. Lathan, 175 Ark. 1037, 1 S.W.2d 67, 70. The facts there are very similar to those in the instant case, and numerous authorities from that court and other courts are reviewed. After discussing the facts and the legal presumptions, the opinion concludes: "From these authorities we feel justified in again stating the law to be that, where

a second marriage is established in form according to law, a presumption arises in favor of its validity as against a former marriage, even though the husband or wife of the former marriage is living at the time, and that this presumption is not overcome by the presumption of law in favor of the continuance of the first marital relation, coupled with the testimony of the former spouse that [he or] she has not obtained a divorce and has no information as to whether the other spouse had obtained a divorce, and the testimony of the clerk of the divorce court where the deceased spouse had sometime lived, that no divorce had been granted such spouse in such court."

In Missouri Pacific Railroad Company v. Harris, 196 Ark. 974, at page 976, 120 S.W.2d 695, 696, the court stated that the burden upon one seeking to overturn a second marriage is to prove by clear and decisive evidence that neither party had obtained a divorce. It was pointed out that even though the record showed that a woman had married several months before she herself obtained a divorce decree from her former husband, this was not sufficient to overcome the presumption of the validity of the second marriage, and it would be presumed the husband had obtained a divorce. The court said: "It is true this would have required appellants to prove a negative but in order to overcome the sacred and stalwart presumption protecting the marriage state they must have done so even though it required them to prove a negative. This court held in the case of Brotherhood of Railway Trainmen v. Meredith, 146 Ark. 140, 225 S.W. 337, that the party who questions the validity of a marriage shown to have been solemnized, has the burden of proving its invalidity, and this is true notwithstanding it requires proof of a negative."

The Supreme Court of Arkansas, in the case of Lathan v. Lathan, supra, after citing the case of Cash v. Cash, 67 Ark. 278, 54 S.W. 744, quoted with approval from Pittinger v. Pittinger, 28 Colo. 308, 64 P. 195, as follows: "No man is presumed to do an unlawful act. When a marriage has been shown, the law raises a strong presumption in favor of its legality. By some of the authorities this presumption is said to be one of the strongest known to the law. Its strength increases with the lapse of time. This presumption arises because the law presumes morality, and not immorality, and that every intendment is in favor of matrimony."

Applying these holdings to the present case it does not appear from clear and decisive evidence that the claimant Lillie Harris Burns has sustained the burden laid on her of proving her own violation of the moral and civil law, and that she committed a felony when she married Fred Hampton, and that her marriage to him was bigamous and void ab initio, and overcoming the presumption in favor of its legality. Having failed to produce the required quality of evidence she must be deemed to have failed to make good her claim.

The claim of Rosie Lee Burns Hunter can be disposed of without difficulty on the facts. Her own testimony is that she never secured a divorce from her husband Dempsey Liveson, and was never served with process in any divorce action brought by him. Dempsey Liveson testified he never secured a divorce from Rosie Lee and was never served with process in a divorce action brought by her. In the face of this direct evidence any presumption which the law imports in favor of the legality of her marriage to Elisha Burns is overcome. It follows with almost mathematical certainty that she was never married legally to Elisha Burns, the insured, and cannot recover in this action.

The claimants who are the brothers and sisters of the insured-deceased are in a different position. It is undisputed that they are the brothers and sisters of the insured, that the father and mother are both dead, and that they are next in succession under the terms of the policy. In fact this appears from all the evidence in the case. Therefore they are entitled to recover in this action, and judgment will be entered for them in accordance with the terms of the policy, the law and this memorandum.