WATSON v. PALMER.

4-9460                                         240 S. W. 2d 875

Opinion delivered June 25, 1951.

*Hal B. Mixon,* for appellant.

*R. D. Smith, Jr.,* for appellee.

HOLT, J. The validity of a marriage between Edith Palmer,—formerly Eathie Hays,—appellee, and Richard Palmer is involved here.

June 5, 1937, Richard married Lucy Mae Walker in Lee County. They lived together for about four months and "separated by agreement in October, 1937." Some three months after separation, Lucy Mae moved to St. Louis, Missouri, where she lived until "the fall of 1943" when she returned to Arkansas and lived with her father in Lee County until March, 1944, when she moved to North Little Rock, where she has since resided. Lucy Mae did not see or hear from Richard after their separation in 1937.

Richard married appellee, Edith Palmer, January 20, 1944, but they separated seven or eight months thereafter. Richard died in 1947. He had sued Lucy Mae for divorce September 4, 1943, but the case never came to trial.

Richard had acquired a home in 1936, described as Lot 10, Block 21, Woods Second Addition to the City of Marianna, in which he had resided until his death in 1947. A few months prior to his death, his sister, Grace Watson, appellant, moved into his home and nursed and cared for him until his death.

Letters of Administration were issued to Edith Palmer, appellee, and thereafter claiming to be Richard's lawful wife, she sought dower and homestead in the above property. Grace Watson, appellant, intervened and alleged the invalidity of Richard's marriage to Edith Palmer, for the reason that when he married Edith he had a living first wife, Lucy Mae, and that his former

marriage to Lucy Mae had not been dissolved. She further alleged that she owned the property by deeds from the "sole surviving heirs" of Richard Palmer.

The Chancellor found that the marriage between Richard and Edith, appellee, was valid, that Edith was his "lawful widow," and entered a judgment setting aside to her dower and homestead in the above described property.

This appeal followed.

The material facts appear not to be in dispute.

We find no evidence that Richard's marriage to Lucy Mae was ever legally dissolved. She testified that she never obtained a divorce from Richard. Her testimony is not disputed. Richard had lived continuously in Lee County since 1937 in the above described property, and the records of that county show that no divorce was ever entered in the suit that he filed.

In these circumstances, while the rule is well established that "where a second marriage is established in form according to law, a presumption arises in favor of its validity as against a former marriage, even though the husband or wife (as the case may be) of the former marriage is living at the time the second marriage is brought into question," *Gray* v. *Gray*, 199 Ark. 152, 133 S. W. 2d 874, this presumption however is a rebuttable one, and may be overcome by sufficient proof as was said, in effect, in the above case, "the rule, however, has its limitations, and must give way to reality when facts opposing the presumption are presented."

We have concluded, after consideration of all of the evidence, that the presumption in favor of the validity of the second marriage here,—that is the marriage of Edith to Richard Palmer,—has been overcome by the evidence and that the finding of the Chancellor to the contrary is against the preponderance of the testimony.

But, appellee says that the marriage of Richard to Edith Palmer (the second marriage) was valid under § 55-109, Ark. Stats. 1947. We cannot agree. This sec-

tion provides: "In all cases where any husband shall *abandon* his wife, or wife her husband, and resides beyond the limits of this State for the term of five (5) successive years, without being known to such person to be living during that time, their death shall be presumed, and any subsequent marriage entered into after the end of said five (5) years shall be as valid as if such husband or wife were dead."

Under this section, as we construe it, there must first be an abandonment before it can apply in the present case. The separation of Richard and Lucy Mae in 1937, the evidence shows, was by mutual agreement, or consent, and not by abandonment. "Desertion or abandonment consists of the separation of one spouse from the other without consent or justification, and with the intention of not returning." 27 C. J. S., § 35, p. 562, under "Divorce." See *Goset* v. *Goset,* 112 Ark. 47, 164 S. W. 759, L. R. A. 1916C, 707, wherein this statute was construed.

Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.