SHAW v. BREWER.

5-2658                                                     356 S. W. 2d 17

Opinion delivered March 26, 1962.

[Rehearing denied April 30, 1962.]

*Caldwell T. Bennett,* for appellant.
*Ivan Williamson,* for appellee.

PAUL WARD, Associate Justice. This litigation was initiated when appellant, Gladys K. Shaw, petitioned the probate court to probate the will of George K. Shaw, deceased, and to be appointed personal representative of his estate. In doing so, appellant represented to the court that she was the widow of George J. Shaw. In appellant's petition she first asked the court to discharge Dexter Brewer (one of the appellees) who had already been appointed public administrator.

Appellant's petition was opposed, in appropriate pleadings, by one of the appellees, Minnie Margaret Shaw, who contended that she was the widow of said George J. Shaw, deceased.

On the issue of which one of the women was in fact and in law the widow of said George J. Shaw the trial court heard testimony presented by both sides, and then found, in effect that (a) appellant failed to prove she was the widow; (b) that Minnie Margaret Shaw had not asked to be appointed administrator; and, Brewer should be retained as public administrator.

Because of the conclusion we have reached, as hereafter explained, we deem it necessary to set out only a brief summary of the testimony. Appellant showed, by original documents, that she was married to the deceased on August 13, 1945. She testified that she had lived with Shaw as his wife until he died April 25, 1961; that she understood Shaw had secured a divorce before marrying her; and, that Minnie Margaret Shaw (and also her children by the deceased) visited in her home in Stone County prior to Mr. Shaw's death but said nothing about his failure to get a divorce. On the other hand Minnie Margaret stated (undenied) that she married George J. Shaw many years prior to 1945 and that they lived together and raised six children. She further testified that the records, in the places where they had lived, failed to show any divorce.

We have concluded that the cause should be reversed because, during the hearing, the trial court erroneously placed the burden on appellant to prove, by direct proof, that George J. Shaw had secured a divorce from his first wife when she (appellant) married him in 1945. At one place the court, in addressing appellant's attorney, said: ". . . it will be absolutely essential that you prove the dissolution of a former marriage . . ." At another time the court, in referring to the testimony appellant had introduced and was trying to introduce, said: "If that sums up your case, why, you are out the window right now." Again the court said: ". . . when they make proof of a former marriage then you can make proof of the dissolution of that marriage by direct proof, but not by such things as this".

In many cases of this nature this Court has held that the burden was on the first wife or spouse to show the absence of a divorce; that there is a strong presumption in favor of the validity of the second marriage; that a marriage ceremony performed pursuant to statute carries with it a presumption of legality, and that the burden is on the party attacking such marriage to prove its illegality. For these and other similar statements see: *Lathan* v. *Lathan,* 175 Ark. 1037, 1042, 1 S. W. 2d 67; *Missouri Pacific Railroad Company et al* v *Harris,* 196 Ark. 974, 975, 120 S. W. 2d 720. In the early case of *Estes* v. *Merrill,* 121 Ark. 361, 181 S. W. 136, the Court, at page 368 of the Arkansas Reports, used this language:

"So strong is this presumption and the law is so positive in requiring the party who asserts the illegality of a marriage to take the burden of proving it, that such requirement obtains even though it involves the proving of a negative, and although it is shown that one of the parties had contracted a previous marriage, and the existence of the wife or husband of the former marriage at the time of the second marriage is established by proof, it is not sufficient to overcome the presumption of the validity of the second marriage, the law presuming rather that the first marriage has been dissolved by divorce, in order to sustain the second marriage."

We are aware, as held in *Watson* v. *Palmer,* 219 Ark. 178, 240 S. W. 2d 875, that this strong presumption in favor of the validity of the second marriage is a rebuttable one. This means, of course, that the trial court should hear all the relative testimony and then weigh the same after applying the rules of law heretofore mentioned.

It is obvious the trial court did not, in this case, attempt to follow the rules above indicated, and that it has not made a decision on the merits under all the testimony. For that reason we have concluded that justice would best be served by remanding the cause for another hearing. In reaching this conclusion we are

aware of the fact that we consider a case of this kind *de novo* and usually dispose of it on the merits, but here there are some additional reasons, set out below, which have also influenced our decision to remand.

(a) Mr. Shaw left a will and the question was raised, but not decided, where it should be probated. (b) Certain proof was offered but refused that on rehearing might be relevant. (c) The record discloses that Mr. Shaw and appellant bought some real estate in Stone County, and it is possible additional testimony would be required to settle all claims arising relative to it.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings.